# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| KHAMANI LODGE, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-114 |
| v. | * | |
| RICK HALE, et al., | * | |
| Defendants. | * | |

### ORDER

Plaintiff, who resides in Brunswick, Georgia, submitted a Complaint using a 42 U.S.C. § 1983 form and alleges Defendants violated his constitutional rights. Dkt. No. 1. However, Plaintiff contests events allegedly occurring in the Northern District of Georgia and in the Augusta Division of this Court. Id. In addition, all named Defendants reside in either the Northern District of Georgia or the Augusta Division of this Court. Id. However, Plaintiff submitted his Complaint for filing to this Court's Brunswick Division. Magistrate Judge Benjamin Cheesbro issued an Order on December 10, 2020, directing Plaintiff to show cause why he believes venue is proper in this Court's Brunswick Division. Dkt. No. 14. In his Response to the December 10, 2020 Order, Plaintiff states he

does not oppose transfer to the Augusta Division. Dkt. No. 26, p. 2.[1]

A district court may raise the issue of defective venue sua sponte. Collins v. Hagel, No. 1:13-CV-2051, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11th Cir. 2010) (affirming sua sponte transfer, in accordance with 28 U.S.C. § 1406(a), of pro se prisoner's civil rights action from New York to Georgia), and collecting cases)). When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" Leach v. Peacock, Civil Action No. 2:09cv738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)). Trial courts generally have broad discretion in determining whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

---

[1] In his Response, Plaintiff notes he is unaware if one of the named Defendants objected to his filing in the Brunswick Division. Dkt. No. 26, p. 1. It is immaterial whether a Defendant has raised improper venue, as the Court can raise the issue of venue sua sponte, as set forth herein.

This Division is not the proper venue to hear Plaintiff's claims against the named Defendants. Section 1391(b) of Title 28 of the United States Code sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, Plaintiff names Defendants residing in the Northern District of Georgia and the Augusta Division of this Court. 28 U.S.C. § 1391(b)(1). Second, Plaintiff complains about events occurring in the Northern District of Georgia and in the Augusta Division of this Court. Id., § 1391(b)(2). Third, Plaintiff has not set forth any basis indicating the named Defendants are subject to the personal jurisdiction of this Court's Brunswick Division. Id., § 1391(b)(3). Finally, Plaintiff explains he does not object to transfer to the Augusta Division. Accordingly, the Court **TRANSFERS** Plaintiff's Complaint and this case to the Augusta Division of the United States District Court for the Southern District of Georgia in

the interest of justice.

    SO ORDERED, this ___3___ day of ___February___, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA